IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE, TENNESSEE

| | | |
|---|---|---|
| WORD MUSIC, LLC., a Tennessee Limited Liability company, DAYSPRING MUSIC, LLC, a Tennessee Limited Liability Company, WORDSPRING MUSIC, LLC., a Tennessee Limited Liability company, UNICHAPPELL MUSIC, INC., a Delaware corporation, CHAPPELL & CO., INC., a Delaware corporation, COTILLION MUSIC, INC., a Delaware Corporation, RIGHTSONG MUSIC, INC., a Delaware Corporation, WALDEN MUSIC, INC., a New York Corporation, WARNER/TAMERLANE PUBLISHING CORP., a California corporation, and WB MUSIC CORP., a California corporation, | ) ) ) ) ) ) ) ) ) ) ) ) | Case No. |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| PRIDDIS MUSIC, INC., a Nevada corporation, RICHARD L. PRIDDIS, individually, PROSOUND KARAOKE LTD., a United Kingdom corporation, MEDIOSTREAM, INC., a California corporation, d/b/a "K SUPERSTAR," D.J. MILLER MUSIC DISTRIBUTORS, INC., a Colorado corporation, d/b/a "PROSING," and DALE S. MILLER, Individually | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## **COMPLAINT FOR INJUNCTION AND DAMAGES**

NOW COMES the Plaintiffs, WORD MUSIC, LLC., a Tennessee Limited Liability Company, DAYSPRING MUSIC, LLC, a Tennessee Limited Liability Company, WORDSPRING MUSIC, LLC., a Tennessee Limited Liability company, UNICHAPPELL MUSIC, INC., a Delaware corporation, CHAPPELL & CO., INC., a Delaware corporation, COTILLION MUSIC, INC., a Delaware Corporation, RIGHTSONG MUSIC, INC., a Delaware

Corporation, WALDEN MUSIC, INC., a New York Corporation, WARNER/TAMERLANE PUBLISHING CORP., a California corporation, and WB MUSIC CORP., a California corporation, ("Plaintiffs"), by and through their attorneys, Paul Harrison Stacey, Law Offices of Paul Harrison Stacey, P.C. and Timothy L. Warnock, Bowen, Riley, Warnock & Jacobson, PLC, and for its **COMPLAINT FOR INJUNCTION AND DAMAGES** against Defendants, PRIDDIS MUSIC, INC., a Nevada corporation, RICHARD L. PRIDDIS, individually, PROSOUND KARAOKE LTD., a United Kingdom corporation, MEDIOSTREAM, INC., a California corporation, d/b/a "K SUPERSTAR," D.J. MILLER MUSIC DISTRIBUTORS, INC., a Colorado corporation, d/b/a "PROSING," and DALE S. MILLER, individually (hereinafter, collectively, "Defendants") for copyright infringement, state as follows:

## Jurisdiction and Venue

1. This is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* This Court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1338(a) and 1338(b), and under its supplemental jurisdiction.

2. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(a) and 1400 (b).

## The Parties

3. Plaintiffs WORD MUSIC, LLC, is a Tennessee Limited Liability company, with its principal place of business located at 25 Music Square West, Nashville, Tennessee, 37203.

4. Plaintiff DAYSPRING MUSIC, LLC, is a Tennessee Limited Liability company, with its principal place of business located at 25 Music Square West, Nashville, Tennessee, 37203.

5. Plaintiff WORDSPRING MUSIC, LLC., a Tennessee Limited Liability company, with its principal place of business located at 25 Music Square West, Nashville, Tennessee, 37203.

6. Plaintiff UNICHAPPELL MUSIC, INC., is a Delaware corporation, with its principal place of business located at 10585 Santa Monica Blvd., Los Angeles, California, 90025.

7. Plaintiff CHAPPELL & CO., INC., is a Delaware corporation, with its principal place of business located at 10585 Santa Monica Blvd., Los Angeles, California, 90025.

8. Plaintiff COTILLION MUSIC, INC., is a Delaware corporation, with its principal place of business located at 10585 Santa Monica Blvd., Los Angeles, California, 90025.

9. Plaintiff RIGHTSONG MUSIC, INC., is a Delaware corporation, with its principal place of business located at 10585 Santa Monica Blvd., Los Angeles, California, 90025.

10. Plaintiff WALDEN MUSIC, INC., is a New York Corporation, with its principal place of business located at 10585 Santa Monica Blvd., Los Angeles, California, 90025.

11. Plaintiff WARNER/TAMERLANE PUBLISHING CORP., is a California corporation, with its principal place of business located at 10585 Santa Monica Blvd., Los Angeles, California, 90025.

12. Plaintiff WB MUSIC CORP., is a California corporation with its principal place of business located at 10585 Santa Monica Boulevard, Los Angeles, California 90025.

13. Defendant, PRIDDIS MUSIC, INC., is a Nevada corporation, with its principal place of business is 790 N. 200 East, Lindon, Utah, 84042.

14.     Defendant RICHARD L. PRIDDIS, individually, is, on information and belief, the President of Co-Defendant, PRIDDIS MUSIC, INC., (hereinafter collectively "PRIDDIS Defendants").

15.     The PRIDDIS Defendants are doing business, including the manufacture, distribution, advertising and sale of the infringing karaoke recordings that are the subject of this suit, throughout the United States, including in the Middle District of Tennessee.  Upon information and belief, the PRIDDIS Defendants manufactured and participated in the advertising and sale of unauthorized recordings of the Plaintiffs' music copyrights on the interactive internet website commonly known as "K SUPERSTAR."  As well, and upon information and belief, the PRIDDIS Defendants have manufactured, distributed, advertised, promoted and sold unlicensed recordings of the Plaintiffs' music copyrights in conjunction with the MILLER Defendants, through the MILLER Defendants interactive internet website commonly known as "PROSING" Karaoke.

16.     Upon information and belief, Defendant PROSOUND KARAOKE LTD., (hereinafter "PROSOUND") is a United Kingdom corporation that is owned and/or controlled by Co-Defendant, RICHARD L. PRIDDIS.  Also upon information and belief, the United States address for PROSOUND is c/o the Co-Defendant, DJ MILLER MUSIC DISTRIBUTORS, INC., a Colorado Corporation, d/b/a "PROSING" at 6365 53rd Street N., Suite B, Pinellas Park, Florida, 33781.  Unlicensed karaoke recordings bearing the "PROSOUND KARAOKE" brand have been distributed, advertised, promoted and sold over the "PROSING" interactive internet website throughout the United States, including the Middle District of Tennessee.

17.     Defendant, MEDIOSTREAM, INC., is a California corporation, d/b/a "K SUPERSTAR," which is an interactive internet website with principal offices at 4962 El Camino

4

Real, Suite 201, Los Altos, California 94022-1455. Utilizing the unlicensed recordings provided by the PRIDDIS Defendants, MEDIOSTREAM has operated the "K SUPERSTAR interactive internet website as both a subscription service for visitors/participants to purchase the use of music, make personal recordings and share their recordings with other subscribers. MEDIOSTREAM has also used the "K SUPERSTAR" website to advertise, promote, and facilitate the sale of unlicensed karaoke recordings of the Plaintiffs' music copyrights which have been manufactured by the PRIDDIS Defendants and PROSOUND.

18.     Defendant DJ MILLER MUSIC DISTRIBUTORS, INC., is a Colorado Corporation, d/b/a "PROSING" with its principal offices located at 6365 53rd Street N., Suite B, Pinellas Park, Florida, 33781. "PROSING" operates an interactive internet website which distributes, advertises, promotes and sells various karaoke recordings and hardware including, but not limited to, many of the unlicensed karaoke recordings manufactured by the PRIDDIS Defendants and PROSOUND.

19.     Defendant DALE S. MILLER is, on information and belief, the founder and President of DJ MILLER MUSIC DISTRIBUTORS, INC. (hereinafter collectively "MILLER Defendants") On information and belief, DALE S. MILLER is a resident of the State of Colorado and resides in Nederland, Colorado.

20.     This Court has jurisdiction over each Defendant because the acts alleged herein have occurred and caused injury within the jurisdiction of this Court and because of Defendants' systematic and continuous advertising, distribution and sale of infringing recordings of one or more of Plaintiffs' musical copyrights within this jurisdiction. Specifically, Defendants are doing business in the Middle District of Tennessee through the distribution, advertising, and

offering for sale of infringing karaoke recordings for interactive internet purchase in the Middle District of Tennessee.

## FACTUAL BACKGROUND

21.     Karaoke, which means "empty orchestra" in Japanese, is a multi-million dollar business. Most of its revenue derived in the United States is from sales of recordings of popularized music through various national distributors and "authorized dealers", ultimately to primarily consumers for home use.  Defendants PRIDDIS and PROSING are among the leading competitors in the business.

22.     Karaoke "CD+G" and "SCD+G"recordings are actually re-recordings of hit songs, with the lead vocal tracks either omitted (instrumental) so that the consumer can "sing along" as if he/she were the lead singer or, in the alternative, with a vocal track sung by sound-alike artists (learning track) which in some formats can be muted upon playback so that the karaoke recording may be listened to either with or without a lead vocal accompaniment.  These products are recorded and encoded to provide a contemporaneous video display of the lyrics to the song for the consumer to sing along.

23.     Interactive internet websites like those utilized by the named Defendants have used "samples" of unlicensed recordings of the Plaintiffs' music copyrights in the form of "buffered" and "MP-3" files on their websites which may be played as streaming audio files by visitors to their websites.  The "samples" are used by Defendants to stimulate or induce the purchase of a subscription (in the case of MEDIOSTREAM) or, in the alternative, a "CD+G" or "SCD+G" disc to be shipped to the purchaser (in the case of all Defendants).

24.     A fundamental legal requirement for recording copyrighted material for purposes of producing a karaoke record is a license for exploitation of the song, which must be obtained

from the songwriter or his agent, generally called a "musical publisher," "publisher" or "administrator." Plaintiffs are music publishers that own or control, in whole or in part, the copyrights in thousands of well known and popular music compositions that have been recorded, reproduced, distributed, marketed, advertised, "sampled" and sold without Plaintiffs' authorization by the various Defendants' karaoke businesses. Plaintiffs are in the business of licensing the rights to record, reproduce, distribute, advertise and otherwise exploit such copyrighted musical works, in exchange for the payment of royalties. Plaintiffs have not licensed the Defendants to engage in the activities complained of herein. To the extremely limited extent that the Plaintiffs, through the Mechanical-Copyright Protection Society Limited, commonly referred to as "MCPS," have licensed the PROSOUND Defendant for the manufacturing of karaoke recordings in the United Kingdom, Plaintiffs are complaining herein with regard to the actions of PROSOUND which constitute copyright infringement nevertheless to the extent that such actions by PROSOUND have exceeded the scope of any such licenses.

25.     Karaoke recordings, unlike typical musical recordings, require "synchronization" licenses for the graphic display of lyrics that appear on a monitor in a synchronized presentation with the recorded music. The synchronization license typically grants rights for a mechanical reproduction of the musical composition, the use of the lyrics in synchronized graphic display, the "sampling" or other advertising and/or promotional use of the composition, and may include a "print" permission for reproduction of the song's lyrics on lyric booklets or inserts in the karaoke package.

26.     Pursuant to the synchronization and product licenses, karaoke companies are required to pay fixing fees, advances against future royalties, and account and pay royalties based upon the total number of units manufactured, usually on a quarterly basis. The customary

7

rates for synchronization licenses are fairly standardized; the rates for product licenses vary considerably.

**ALLEGATIONS COMMON
TO ALL CAUSES OF ACTION**

27.     Plaintiffs are the owners/administrators of the copyrights which are original musical compositions listed on the schedule attached hereto as Exhibit "A" and either own and/or administer a percentage of the copyright as indicated on that schedule. For the purposes of Plaintiffs' claims, the list of musical compositions identified on the attached Exhibit "A" shall be referred to as the "Subject Works." True and correct copyright registration numbers relative to each of the Subject Works are included in Exhibit "A."

28.     All of the Subject Works identified herein contain material wholly original and are copyrightable subject matter under the laws of the United States.

29.     Plaintiffs are informed and believe, and on that basis allege, since *at least* as early 2001, Defendants and each of them have been participating in the manufacture, reproduction, distribution, advertising, promotion and offering for sale for the purpose of inducing purchases of illegal and unauthorized copies of one or more of the Subject Works, in the form of "karaoke" type recordings, to the extent that such works have been in existence from time to time. Such recordings largely have been in either the "CDG," "CD+G," "SCDG," or "SCD+G" format for discs and internet downloads.

30.     The Defendants, as a separate and additional course of infringement, have been manufacturing music "samples" of the Subject Works in a form capable of being played over their interactive internet website and listened to by prospective purchasers. The "samples" of music advertise, promote and offer for sale for the purpose of inducing the purchase of the full

recordings of illegal and unauthorized copies of one or more of the Subject Works, in the form of "karaoke" type recordings. These "samples" of the full recordings are believed to be what is called "buffered" files in the "MP-3" format.

31. The Defendants, as a separate and yet additional course of infringement, have been advertising, promoting, and selling unlicensed recordings of the Plaintiffs' music copyrights via internet download sales over their various interactive internet websites. Such exploitation customarily requires an internet download license and in the case of downloads utilizing a streaming graphic video of the lyrics, a synchronization license permitting internet download sales.

32. The varied conduct of the Defendants constitutes direct, contributory and vicarious infringement, depending upon the specific conduct in question, of Plaintiffs' music copyrights. The natural, probable and foreseeable result of Defendants' wrongful conduct has been and will continue to be to deprive Plaintiffs of the benefits of selling the Subject Works, to deprive Plaintiffs of the usual and customary royalties to which they would be entitled if the Subject Works were properly licensed with synchronization licenses, internet download licenses or advertising/promotional licenses, and to deprive Plaintiffs of goodwill.


**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. §§ 101, *ET SEO.***

**(Direct Copyright Infringement vs. All Defendants)**

33. Plaintiffs reallege each and every allegation set forth in paragraphs 1 through 32, inclusive, as though fully set forth herein, as and for this paragraph 33, and incorporates them herein by this reference.

9

34. By their actions alleged above, Defendants have infringed and will continue to infringe Plaintiffs' copyright interests in and relating to the Subject Works #1 through #345 by producing, distributing, advertising and placing upon the market products which contain unauthorized recordings of the songs and graphic displays of the lyrics of the copyrighted Subject Works.

35. Plaintiffs are entitled to an injunction restraining Defendants, their officers, agents and employees, and all persons acting in concert with them, from engaging in any further such acts in violation of the copyright laws.

36. Plaintiffs are further entitled to recover from Defendants the damages, including attorneys' fees, they have sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of Defendants' acts of infringement alleged above. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiffs.

WHEREFORE, Plaintiffs, WORD MUSIC, LLC., a Tennessee Limited Liability Company, DAYSPRING MUSIC, LLC, a Tennessee Limited Liability Company, WORDSPRING MUSIC, LLC., a Tennessee Limited Liability company, UNICHAPPELL MUSIC, INC., a Delaware corporation, CHAPPELL & CO., INC., a Delaware corporation, COTILLION MUSIC, INC., a Delaware Corporation, RIGHTSONG MUSIC, INC., a Delaware Corporation, WALDEN MUSIC, INC., a New York Corporation, WARNER/TAMERLANE PUBLISHING CORP., a California corporation, and WB MUSIC CORP., a California corporation, pray for judgment against the Defendants, PRIDDIS MUSIC, INC., a Nevada corporation, RICHARD L. PRIDDIS, individually, PROSOUND KARAOKE LTD., a United Kingdom corporation, MEDIOSTREAM, INC., a California corporation, d/b/a "K

Case 3:07-cv-00502   Document 1   Filed 05/08/07   Page 10 of 26 PageID #: 10

SUPERSTAR," D.J. MILLER MUSIC DISTRIBUTORS, INC., a Colorado corporation, d/b/a "PROSING," and DALE S. MILLER, individually, jointly and severally, as follows:

a. That the Court finds that Defendants have infringed Plaintiffs' copyright interests in the Subject Works #1 through #345.

b. That the Court finds a substantial likelihood that Defendants will continue to infringe Plaintiffs' copyright interests in the Subject Works #1 through #345, unless enjoined from doing so.

c. That Defendants, their directors, officers, agents, servants, employees and all other persons in act of concert or privity or in participation with them, be enjoined from directly or indirectly infringing Plaintiffs' copyrights in the Subject Works or continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived or copied from the Subject Works or participate or assist in any such activity.

d. That Defendants, their directors, officers, agents, servants, employees and all other persons in act of concert or privity or in participation with them, be enjoined to return to Plaintiffs any and all originals, copies, facsimiles, or duplicates of the Subject Works in their possession, custody or control.

e. That Defendants, their directors, officers, agents, servants, employees and all other persons in act of concert or privity or in participation with them, be enjoined to recall from all distributors, wholesalers, jobbers, dealers, retailers and distributors, and all others known to Defendants, any originals, copies, facsimile, or duplicates of any works shown by the evidence to infringe any copyright in the Subject Works.

f.      That Defendants be enjoined to deliver upon oath, to be impounded during the pendency of this action and destroyed pursuant to judgment herein, all originals, copies, facsimiles, or duplicates of any work shown by the evidence to infringe any copyright in the Subject Works.

g.      Defendants be required to file with the Court and to serve on Plaintiffs, within 30 days after service of the Court's order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Court's order.

h.      That judgment be entered for Plaintiffs and against Defendants for Plaintiffs' actual damages according to proof, and for any profits attributable to infringements of Plaintiffs' copyrights, in accordance with proof.

i.      Alternatively, and upon Plaintiffs' election, that judgment be entered for Plaintiffs and against Defendants for statutory damages based upon Defendants' acts of infringement, pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*

j.      That Defendants be required to account for all gains, profits, and advantages derived from their acts of infringement and for their other violations of law.

k.      That all gains, profits and advantages derived by Defendants from their acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of Plaintiffs.

l.      That Plaintiffs have judgment against Defendants for Plaintiffs' costs and attorneys' fees.

m.      That the Court grant such other, further, and different relief as the Court deems proper under the circumstances.

12

## SECOND CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. §§ 101, *ET SEQ.*

### (Contributory Infringement)

37.     Plaintiffs reallege each and every allegation set forth in paragraphs 1 through 36, inclusive, as though fully set forth herein, as and for this paragraph 37, and incorporates them herein by this reference.

38.     By their actions alleged above, Defendants' knew or had reason to know of the infringing activites of each other and materially contributed to each of the other Defendants' infringement of Plaintiffs' copyright interests in and relating to the Subjects Works #1 through #345 by variously producing, distributing, advertising and placing upon the market products which contain recordings of the songs and printed lyrics of Plaintiffs' copyrighted Subject Works, while failing to secure licenses for such uses.

39.     Plaintiffs are entitled to an injunction restraining Defendants, their officers, agents and employees, and all persons acting in concert with them, from engaging in any further such acts in violation of the copyright laws.

40.     Plaintiffs are further entitled to recover from Defendants the damages including attorneys' fees they have sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of Defendants' acts of contirbutory infringement alleged above. Alternatively, Plaintiffs may elect the statutory penalties provided for in 17 U.S.C. § 504(c)(1) and (2), not to exceed $150,000.00 per copyright, per Defendant. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiffs and Plaintiffs reserves the right to make such election to have the Court impose the statutory penalties.

WHEREFORE, Plaintiffs, WORD MUSIC, LLC., a Tennessee Limited Liability Company, DAYSPRING MUSIC, LLC, a Tennessee Limited Liability Company, WORDSPRING MUSIC, LLC., a  Tennessee Limited Liability company, UNICHAPPELL MUSIC, INC., a Delaware corporation, CHAPPELL & CO., INC., a Delaware corporation, COTILLION MUSIC, INC., a Delaware Corporation, RIGHTSONG MUSIC, INC., a Delaware Corporation, WALDEN MUSIC, INC., a New York Corporation, WARNER/TAMERLANE PUBLISHING CORP., a California corporation, and WB MUSIC CORP., a California corporation, pray for judgment against the Defendants, PRIDDIS MUSIC, INC., a Nevada corporation, RICHARD L. PRIDDIS, individually, PROSOUND KARAOKE LTD.,  a United Kingdom corporation, MEDIOSTREAM, INC., a California corporation, d/b/a "K SUPERSTAR," D.J. MILLER MUSIC DISTRIBUTORS, INC., a Colorado corporation, d/b/a "PROSING," and DALE S. MILLER,  individually, jointly and severally, as follows:

      a.     That the Court finds that Defendants have contributorily infringed Plaintiffs' copyright interests in the Subject Works #1 through #345.

      b.     That the Court finds a substantial likelihood that Defendants will continue to infringe Plaintiffs' copyright interests in the Subject Works #1 through #345, unless enjoined from doing so.

      c.     That Defendants, their directors, officers, agents, servants, employees and all other persons in act of concert or privity or in participation with them, be enjoined from directly or indirectly infringing Plaintiffs' copyrights in the Subject Works or continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise,

reproduce, develop or manufacture any works derived or copied from the Subject Works or participate or assist in any such activity.

      d.     That Defendants, their directors, officers, agents, servants, employees and all other persons in act of concert or privity or in participation with them, be enjoined to return to Plaintiffs any and all originals, copies, facsimiles, or duplicates of the Subject Works in their possession, custody or control.

      e.     That Defendants, their directors, officers, agents, servants, employees and all other persons in act of concert or privity or in participation with them, be enjoined to recall from all distributors, wholesalers, jobbers, dealers, retailers and distributors, and all others known to Defendants, any originals, copies, facsimile, or duplicates of any works shown by the evidence to infringe any copyright in the Subject Works.

      f.     That Defendants be enjoined to deliver upon oath, to be impounded during the pendency of this action and destroyed pursuant to judgment herein, all originals, copies, facsimiles, or duplicates of any work shown by the evidence to the contributory infringement of any copyright in the Subject Works.

      g.     Defendants be required to file with the Court and to serve on Plaintiffs, within 30 days after service of The Court's order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Court's order.

      h.     That Defendants be required to account for all gains, profits, and advantages derived from their contributory acts of infringement and for their other violations of law.

i. That all gains, profits and advantages derived by Defendants from their acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of Plaintiffs.

j. Alternatively, that judgment be entered for Plaintiffs and against Defendants for statutory damages based upon Defendants' contributory acts of infringement, pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.,* including statutory penalties for willful infringement provided for in 17 U.S. C. § 504(c)(1) and (2), not to exceed $150,000 per copyright per Defendant.

k. That judgment be entered for Plaintiffs and against Defendants for Plaintiffs' actual damages according to proof, and for any profits attributable to contributory infringements of Plaintiffs' copyrights, in accordance with proof.

l. That Plaintiffs have judgment against Defendants for Plaintiffs' costs and attorneys' fees.

m. That the Court grant such other, further, and different relief as the Court deems proper under the circumstances.

## THIRD CLAIM FOR RELIEF

### COPYRIGHT INFRINGEMENT
### 17 U.S.C. §§ 101, *ET SEO.*

### (Vicarious Infringement)

41. Plaintiffs reallege each and every allegation set forth in paragraphs 1 through 36, inclusive, as though fully set forth herein, as and for this paragraph 37, and incorporates them herein by this reference.

42. By their actions alleged above, Defendants were financially interested in and possessed the asbility to control the infringing activites of each others' infringement of Plaintiffs' copyright interests in and relating to the Subjects Works #1 through #345 by variously producing, distributing, advertising and placing upon the market products which contain recordings of the songs and printed lyrics of Plaintiffs' copyrighted Subject Works, while failing to secure licenses for such uses.

43. Plaintiffs are entitled to an injunction restraining Defendants, their officers, agents and employees, and all persons acting in concert with them, from engaging in any further such acts in violation of the copyright laws.

44. Plaintiffs are further entitled to recover from Defendants the damages including attorneys' fees they have sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of Defendants' acts of vicarious infringement alleged above. Alternatively, Plaintiffs may elect the statutory penalties provided for in 17 U.S.C. § 504(c)(1) and (2), not to exceed $150,000.00 per copyright, per Defendant. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiffs and Plaintiffs reserves the right to make such election to have the Court impose the statutory penalties.

WHEREFORE, Plaintiffs, WORD MUSIC, LLC., a Tennessee Limited Liability Company, DAYSPRING MUSIC, LLC, a Tennessee Limited Liability Company, WORDSPRING MUSIC, LLC., a  Tennessee Limited Liability company, UNICHAPPELL MUSIC, INC., a Delaware corporation, CHAPPELL & CO., INC., a Delaware corporation, COTILLION MUSIC, INC., a Delaware Corporation, RIGHTSONG MUSIC, INC., a Delaware Corporation, WALDEN MUSIC, INC., a New York Corporation, WARNER/TAMERLANE

PUBLISHING CORP., a California corporation, and WB MUSIC CORP., a California corporation, pray for judgment against the Defendants, PRIDDIS MUSIC, INC., a Nevada corporation, RICHARD L. PRIDDIS, individually, PROSOUND KARAOKE LTD., a United Kingdom corporation, MEDIOSTREAM, INC., a California corporation, d/b/a "K SUPERSTAR," D.J. MILLER MUSIC DISTRIBUTORS, INC., a Colorado corporation, d/b/a "PROSING," and DALE S. MILLER, individually, jointly and severally, as follows:

      a.     That the Court finds that Defendants have vicariously infringed Plaintiffs' copyright interests in the Subject Works #1 through #345.

      b.     That the Court finds a substantial likelihood that Defendants will continue to infringe Plaintiffs' copyright interests in the Subject Works #1 through #345, unless enjoined from doing so.

      c.     That Defendants, their directors, officers, agents, servants, employees and all other persons in act of concert or privity or in participation with them, be enjoined from directly or indirectly infringing Plaintiffs' copyrights in the Subject Works or continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived or copied from the Subject Works or participate or assist in any such activity.

      d.     That Defendants, their directors, officers, agents, servants, employees and all other persons in act of concert or privity or in participation with them, be enjoined to return to Plaintiffs any and all originals, copies, facsimiles, or duplicates of the Subject Works in their possession, custody or control.

      e.     That Defendants, their directors, officers, agents, servants, employees and all other persons in act of concert or privity or in participation with them, be enjoined to

recall from all distributors, wholesalers, jobbers, dealers, retailers and distributors, and all others known to Defendants, any originals, copies, facsimile, or duplicates of any works shown by the evidence to infringe any copyright in the Subject Works.

      f.     That Defendants be enjoined to deliver upon oath, to be impounded during the pendency of this action and destroyed pursuant to judgment herein, all originals, copies, facsimiles, or duplicates of any work shown by the evidence to the vicarious infringement of any copyright in the Subject Works.

      g.     Defendants be required to file with the Court and to serve on Plaintiffs, within 30 days after service of The Court's order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Court's order.

      h.     That Defendants be required to account for all gains, profits, and advantages derived from their acts of vicarious infringement and for their other violations of law.

      i.     That all gains, profits and advantages derived by Defendants from their acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of Plaintiffs.

      j.     Alternatively, that judgment be entered for Plaintiffs and against Defendants for statutory damages based upon Defendants' vicarious acts of infringement, pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.,* including statutory penalties for willful infringement provided for in 17 U.S. C. § 504(c)(1) and (2), not to exceed $150,000 per copyright per Defendant.

k.      That judgment be entered for Plaintiffs and against Defendants for Plaintiffs' actual damages according to proof, and for any profits attributable to vicarious infringements of Plaintiffs' copyrights, in accordance with proof.

l.      That Plaintiffs have judgment against Defendants for Plaintiffs' costs and attorneys' fees.

m.      That the Court grant such other, further, and different relief as the Court deems proper under the circumstances.

## FOURTH CLAIM FOR RELIEF
## WILLFUL COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 504(c)(2)

45.    Plaintiffs reallege each and every allegation set forth in paragraphs 1 through 36, inclusive, as though fully set forth herein, as and for this paragraph 37, and incorporates them herein by this reference.

46.    By their actions alleged above, Defendants and each of them have knowingly and willfully infringed and will continue to knowingly and willfully infringe Plaintiffs' copyright interests in and relating to the Subjects Works #1 through #345 by producing, distributing, advertising and placing upon the market products which contain recordings of the songs and printed lyrics of Plaintiffs' copyrighted Subject Works, while deliberately failing to secure licenses for such uses.

47.    Plaintiffs are entitled to an injunction restraining Defendants, their officers, agents and employees, and all persons acting in concert with them, from engaging in any further such willful acts in violation of the copyright laws.

48.     Plaintiffs are further entitled to recover from Defendants the damages including attorneys' fees they have sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of Defendants' acts of willful infringement alleged above. Alternatively, Plaintiffs may elect the statutory penalties provided for in 17 U.S.C. § 504(c)(1) and (2), not to exceed $150,000.00 per copyright, per Defendant. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiffs and Plaintiffs reserves the right to make such election to have the Court impose the statutory penalties.

WHEREFORE, Plaintiffs, WORD MUSIC, LLC., a Tennessee Limited Liability Company, DAYSPRING MUSIC, LLC, a Tennessee Limited Liability Company, WORDSPRING MUSIC, LLC., a  Tennessee Limited Liability company, UNICHAPPELL MUSIC, INC., a Delaware corporation, CHAPPELL & CO., INC., a Delaware corporation, COTILLION MUSIC, INC., a Delaware Corporation, RIGHTSONG MUSIC, INC., a Delaware Corporation, WALDEN MUSIC, INC., a New York Corporation, WARNER/TAMERLANE PUBLISHING CORP., a California corporation, and WB MUSIC CORP., a California corporation, pray for judgment against the Defendants, PRIDDIS MUSIC, INC., a Nevada corporation, RICHARD L. PRIDDIS, individually, PROSOUND KARAOKE LTD.,  a United Kingdom corporation, MEDIOSTREAM, INC., a California corporation, d/b/a "K SUPERSTAR," D.J. MILLER MUSIC DISTRIBUTORS, INC., a Colorado corporation, d/b/a "PROSING," and DALE S. MILLER,  individually, jointly and severally, as follows:

a.     That the Court finds that Defendants have willfully infringed Plaintiffs' copyright interests in the Subject Works #1 through #345.

b.      That the Court finds a substantial likelihood that Defendants will continue to willfully infringe Plaintiffs' copyright interests in the Subject Works #1 through #345, unless enjoined from doing so.

c.      That Defendants, their directors, officers, agents, servants, employees and all other persons in act of concert or privity or in participation with them, be enjoined from directly or indirectly willfully infringing Plaintiffs' copyrights in the Subject Works or continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived or copied from the Subject Works or participate or assist in any such activity.

d.      That Defendants, their directors, officers, agents, servants, employees and all other persons in act of concert or privity or in participation with them, be enjoined to return to Plaintiffs any and all originals, copies, facsimiles, or duplicates of the Subject Works in their possession, custody or control.

e.      That Defendants, their directors, officers, agents, servants, employees and all other persons in act of concert or privity or in participation with them, be enjoined to recall from all distributors, wholesalers, jobbers, dealers, retailers and distributors, and all others known to Defendants, any originals, copies, facsimile, or duplicates of any works shown by the evidence to willfully infringing any copyright in the Subject Works.

f.      That Defendants be enjoined to deliver upon oath, to be impounded during the pendency of this action and destroyed pursuant to judgment herein, all originals, copies, facsimiles, or duplicates of any work shown by the evidence to the willful infringement of any copyright in the Subject Works.

g.	Defendants be required to file with the Court and to serve on Plaintiffs, within 30 days after service of The Court's order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Court's order.

h.	That Defendants be required to account for all gains, profits, and advantages derived from their willful acts of infringement and for their other violations of law.

i.	That all gains, profits and advantages derived by Defendants from their acts of willful infringement and other violations of law be deemed to be held in constructive trust for the benefit of Plaintiffs.

j.	Alternatively, that judgment be entered for Plaintiffs and against Defendants for statutory damages based upon Defendants' willful acts of infringement, pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.,* including statutory penalties for willful infringement provided for in 17 U.S. C. § 504(c)(1) and (2), not to exceed $150,000 per copyright per Defendant.

k.	That judgment be entered for Plaintiffs and against Defendants for Plaintiffs' actual damages according to proof, and for any profits attributable to willful infringements of Plaintiffs' copyrights, in accordance with proof.

l.	That Plaintiffs have judgment against Defendants for Plaintiffs' costs and attorneys' fees.

m.	That the Court grant such other, further, and different relief as the Court deems proper under the circumstances.

23

## FIFTH CLAIM FOR RELIEF
## UNFAIR COMPETITION

41.    Plaintiffs reallege each and every allegation set forth in paragraphs 1 through 40, inclusive, as though fully set forth herein, as and for this paragraph 41, and incorporate them herein by this reference.

42.    Plaintiffs have expended many millions, if not hundreds of millions, of dollars in their business endeavors for the purpose of creating, developing, promoting and otherwise commercializing the copyrights at issue in this lawsuit.  Alternatively, Plaintiffs have expended such monies on the purchase of countless catalogs of music copyrights, which are then further developed, promoted and otherwise commercialized, all of which vastly contributes to the value of the copyrights.  While some of the copyrights are ultimately successful in varying degrees, many others (the vast majority) are not successful.

43.    The Defendants are engaged in unfair competition with Plaintiffs because they have no rights to the music copyrights being exploited in the various "karaoke" products being manufactured, advertised, distributed and sold by them.  Most unfair is that the Defendants have the benefit of exploiting the proven success of Plaintiffs' investment of time and money to develop the successful copyrights, i.e., ones which have already been proven "hits" with the consuming public, without the burden of financial losses which are incurred relative to copyrights which the public has either rejected or not received well.

44.    Plaintiffs are damaged by this unfair competition.

WHEREFORE, Plaintiffs, WORD MUSIC, LLC., a Tennessee Limited Liability Company, DAYSPRING MUSIC, LLC, a Tennessee Limited Liability Company, WORDSPRING MUSIC, LLC., a  Tennessee Limited Liability company, UNICHAPPELL

24

MUSIC, INC., a Delaware corporation, CHAPPELL & CO., INC., a Delaware corporation, COTILLION MUSIC, INC., a Delaware Corporation, RIGHTSONG MUSIC, INC., a Delaware Corporation, WALDEN MUSIC, INC., a New York Corporation, WARNER/TAMERLANE PUBLISHING CORP., a California corporation, and WB MUSIC CORP., a California corporation, individually, jointly and severally, as follows:

a. That the Court find that Defendants have unfairly competed against the Plaintiffs in the commercialization of the Plaintiffs' copyright interests in the Subject Works #1 through #345.

b. That the Defendants be awarded compensatory and punitive damages in an amount to be determined at trial by the jury.

## JURY DEMAND

Plaintiffs hereby demand trial by jury on all issues triable to a jury.

RESPECTFULLY SUBMITTED,

By:    Timothy L. Warnock (BPR #12844)
Bowen, Riley, Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
Ph.:   615-320-3700

and

Paul Harrison Stacey
Law Offices of Paul Harrison Stacey, P.C.
Wyoming Bar No. 5-2615
7225 N. Spring Gulch Road
P.O. Box 4157
Jackson, WY 83001
Ph:    307-733-7333
Fax:   307-733-7360

*Illinois Office:
202 W. Willow Avenue, Suite 103
Wheaton, Illinois 60187
Ph:      630-462-1949
Fax:    630-462-9293

***Attorneys for Plaintiffs Famous Music, LLC***