**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **WORD MUSIC, LLC, a Tennessee Limited** )<br>**Liability Company, DAYSPRING MUSIC, LLC,** )<br>**A Tennessee Limited Liability Company,** )<br>**WORDSPRING MUSIC, LLC, a Tennessee** )<br>**Limited Liability Company,** )<br>**UNICHAPPELL MUSIC, INC., a Delaware** )<br>**Corporation, CHAPPELL & CO., INC.,** )<br>**a Delaware Corporation, COTILLION MUSIC,** )<br>**INC., a Delaware Corporation,** )<br>**RIGHTSONG MUSIC, INC., a Delaware** )<br>**Corporation, WALDEN MUSIC, INC., a New York** )<br>**Corporation, WARNER/TAMERLANE** )<br>**PUBLISHING CORP., a California Corporation,** )<br>**and WB MUSIC CORP., a California Corporation,** )<br> )<br>        **Plaintiffs,** )<br> )<br>**v.** )<br> )<br>**PRIDDIS MUSIC, INC., a Nevada Corporation,** )<br>**RICHARD L. PRIDDIS, individually, PROSOUND** )<br>**KARAOKE LTD., a United Kingdom Corporation,** )<br>**MEDIOSTREAM, INC., a California Corporation** )<br>**d/b/a "K SUPERSTAR," D.J. MILLER MUSIC** )<br>**DISTRIBUTORS, INC., a Colorado Corporation** )<br>**d/b/a "PROSING," and DALE MILLER,** )<br>**individually,** )<br> )<br>        **Defendants.** ) | **Case No. 3:07cv0502**<br>**Judge Thomas A. Wiseman, Jr.** |

<u>**MEMORANDUM OPINION**</u>

Plaintiffs filed this action seeking an injunction and damages for copyright infringement. Three of

the Defendants, Priddis Music, Inc. ("Priddis Music"), Richard L. Priddis ("Mr. Priddis") and ProSound

Karaoke, Ltd. ("ProSound") (collectively, the "Priddis Defendants") have filed a Motion to Dismiss on the

grounds of improper venue or, alternatively, for lack of personal jurisdiction. (Doc. No. 13.) Defendant

Mediostream, Inc. subsequently filed its own motion to dismiss on the basis of improper venue (Doc. No.

60).

The Priddis Defendants' motion is premised upon three arguments: (1) because the Priddis

Defendants do not have sufficient minimum contacts with the state of Tennessee and have not

purposefully availed themselves of the privilege of doing business within this State, the Priddis

Defendants are not subject to personal jurisdiction in this forum; (2) venue in this copyright case is improper under 28 U.S.C. § 1400(a), the applicable venue statute, because the Priddis Defendants do not "reside" in and cannot be "found" in Tennessee, as the statute requires; and (3) venue is improper under the first-to-file rule, given that defendant Mediostream, Inc. filed a Complaint for Declaratory Relief and Indemnification (the "California Action") in the United States District Court for the Northern District of California three weeks before the Plaintiffs filed their copyright infringement action in this Court, raising nearly identical issues and naming as parties in that case all but four of the sixteen parties named in this case. Mediostream's motion to dismiss on the basis of improper venue is premised entirely upon the Priddis Defendants' "first-to-file" argument.

Although all the parties devoted the better part of their briefs to the applicability of the first-to-file rule, that issue is no longer relevant. On September 28, 2007, after the Priddis Defendants and Mediostream filed their motions in this Court, the California Action was transferred from the Northern District of California to the Middle District of Tennessee and assigned to the undersigned as a related case, thereby rendering moot the "first-to-file" argument. Mediostream's motion will be denied on that basis.

With respect to the Defendants' two remaining arguments, Plaintiffs have filed a response in which they contend that this Court has personal jurisdiction over the individual defendants and that venue is appropriate under 28 U.S.C. § 1400(a). As explained below, the Court finds that personal jurisdiction and venue are appropriate as to Defendant Priddis Music, so the motion will be denied as to that defendant. However, Plaintiffs have not presented a *prima facie* case for personal jurisdiction over Mr. Priddis or ProSound. The motion to dismiss for lack of personal jurisdiction as to those two defendants will therefore be granted.

I.      FACTUAL BACKGROUND

According to the allegations in the Plaintiffs' Complaint, the Plaintiffs are all music publishers doing business in Nashville, Tennessee or Los Angeles, California. Plaintiffs own or control, in whole or in part, the copyrights in thousands of well known and popular music compositions. Plaintiffs are in the business of licensing the rights to record, reproduce, distribute, advertise and otherwise exploit the copyrights to musical compositions for the payment of royalties.

Defendants are all engaged, in various capacities, in the multi-million dollar karaoke business. Plaintiffs allege that Priddis Music is a Nevada corporation with its principal place of business in Utah and that Mr. Priddis is President of Priddis Music. ProSound is a United Kingdom corporation owned or controlled by Mr. Priddis. Plaintiffs assert in their Complaint, "upon information and belief," that "the United States address for PROSOUND is c/o the Co-Defendant, DJ MILLER MUSIC DISTRIBUTORS, INC., . . . d/b/a 'PROSING' at 6365 53rd Street N., Suite B, Pinellas Park, Florida, 33781." (Compl., Doc. No. 1, at ¶ 16.)

Plaintiffs claim that the various Defendants, through their karaoke businesses, have infringed Plaintiffs' copyrights in the compositions identified in Exhibit A to Plaintiffs' Complaint (the "Subject Works") by participating in the manufacture, reproduction, distribution, advertising, promotion and offering for sale for the purpose of inducing purchases of illegal and unauthorized copies of one or more of the Subject Works in the form of "karaoke" type recordings, and that Defendants have been engaged in thus infringing Plaintiffs' copyrights since at least as early as 2001. Plaintiffs further allege that to the extent they have licensed Defendant ProSound to manufacture karaoke recordings of musical compositions to which Plaintiffs own the rights, ProSound has exceeded the scope of any such license. Plaintiffs allege that Defendants have further infringed Plaintiffs' copyrights by manufacturing "samples" of the Subject Works in a form capable of being played over their interactive internet website(s) and listened to by prospective purchasers for the purpose of inducing such purchasers to buy full recordings of unauthorized copies of the Subject Works over the internet. Plaintiffs allege that Defendants have further infringed Plaintiffs' copyrights by advertising, promoting and selling unlicensed recordings of the Subject Works via internet download sales over their various interactive internet websites.

With respect to the Priddis Defendants specifically, Plaintiffs assert that Priddis Music and Mr. Priddis are engaged in the sale of infringing karaoke recordings throughout the United States, including in the Middle District of Tennessee, in that they manufactured and participated in the advertising and sale of unauthorized recordings of the Subject Works on the interactive internet website commonly known as "K Superstar," as well as on the interactive website commonly known as "ProSing" Karaoke, which is operated by Defendants D.J. Miller Music Distributors, Inc. and Dale S. Miller. (*See* Compl., Doc. No. 1, at ¶ 15.) Plaintiffs similarly allege that unlicensed karaoke recordings bearing the "ProSound Karaoke"

brand have been distributed, advertised, promoted and sold over the "ProSing" interactive internet website throughout the United States, including in the Middle District of Tennessee. (Compl., Doc. No. 1, at ¶ 16.)

Plaintiffs further allege that this Court has personal jurisdiction over each of the named Defendants because the acts set forth in the Complaint

> have occurred and caused injury within the jurisdiction of this Court and because of Defendants' systematic and continuous advertising, distribution and sale of infringing records of one or more of Plaintiffs' musical copyrights within this jurisdiction. Specifically, Defendants are doing business in the Middle District of Tennessee through the distribution, advertising, and offering for sale of infringing karaoke recordings for interactive internet purchase in the Middle District of Tennessee.

(Compl., Doc. No. 1, at ¶ 20.)

In response to the Priddis Defendants' motion, Plaintiffs filed the Declaration of Dorothy D. Gibby, a paralegal in the offices of Plaintiffs' legal counsel in Nashville, in which Ms. Gibby attests that on March 14, 2007, she purchased a custom CD containing recordings of five of the Subject Works from the website www.priddis.com, operated by Priddis Music. (Doc. No. 25, at ¶¶ 2, 3.) Ms. Gibby also states that on March 20, 2007 she purchased six karaoke CDs bearing the "ProSound" brand from the website www.prosing.com, allegedly operated by defendants D.J. Miller Music Distributors, Inc. and Dale S. Miller. (neither of whom joined in the present motion). Each karaoke disk contains a recording of a song from the Plaintiffs' list of Subject Works. (Doc. No. 25, at ¶ 4.)

The documentation attached to Ms. Gibby's Declaration indicates that, with respect to the custom CD ordered directly from Priddis Music, Ms. Gibby selected the five specific songs of which she wished to purchase karaoke recordings, and only these five songs were included on the disk. The disk cover states:

> For a complete Priddis Music catalog, write to:
> Priddis Music
> P.O. Box 345
> Pleasant Grove, UT 84062-0345
> or call 1-800-326-3062
>
> Hear our latest releases right from your
> home using a touch tone phone.
> Call the Hotline at 1-801-785-6666
>
> See our extensive web site (including our
> complete catalog) at www.priddis.com.
> Also, e-mail us anytime, 24 hours a day,

at sing@priddis.com

(Doc. No. 25-1, at 4.)  The disk was shipped to Ms. Gibby at Plaintiffs' counsel's office address of 1906 West End Avenue in Nashville, Tennessee, from the Priddis Music Shipping Department in Lindon, Utah. (Doc. No. 25-1, at 6.)

With respect to the six ProSound karaoke CDs, the documentation attached to the Declaration indicates the items were ordered via the internet and shipped from ProSing in Pinellas Park, Florida to Ms. Gibby in Nashville.  (Doc. No. 25-2, at 2.)  Although the disks were ordered from ProSing, they have the Priddis emblem and the ProSound brand label on each disk insert.  The inserts all invite the customer to write to Priddis Music in Pleasant Grove, Utah for a complete catalog, or to call 1-800-326-3062, or e-mail sing@priddis.com.  (*See, e.g.*, Doc. No. 25-2, at 6.)  The CDs themselves have both Priddis Music's emblem and are emblazoned "ProSound Performance Music" (*see, e.g.*, Doc. No. 25-2, at 7) or "ProSound Series" (Doc. No. 25-3, at 22).

II.     **STANDARD OF REVIEW**

        A.      **Jurisdiction**

The Sixth Circuit has articulated a well-defined protocol for district courts to follow in their disposal of Rule 12(b)(2) motions to dismiss for lack of personal jurisdiction.  *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1271–72 (6th Cir. 1998).  First, it is clear that "[t]the plaintiff bears the burden of establishing that jurisdiction exists.  Additionally, in the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction.  *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citations omitted).

Once the court is presented with a properly supported 12(b)(2) motion and opposition, it has four procedural alternatives:  The district court may determine the motion on the basis of affidavits alone; it may permit discovery in aid of the motion; it may conduct an evidentiary hearing on the merits of the motion, or it may reserve its decision until trial.  *Dean*, 134 F.3d at 1271–72 (6th Cir. 1998); *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)).  If the court decides not to hold an evidentiary hearing, plaintiffs may defeat the motion by making a *prima facie* showing of jurisdiction in their pleadings and affidavits, which must be considered by the court in a light most favorable to the plaintiffs.  *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996).  Thus, if the court chooses

to rule on the motion without conducting an evidentiary hearing, it "does not weigh the controverting assertions of the party seeking dismissal." *Id.* (quoting *Theunissen*, 935 F.2d at 1459). The Sixth Circuit has determined that "[a]ny other rule would empower a defendant to defeat personal jurisdiction merely by filing a written affidavit contradicting jurisdictional facts alleged by a plaintiff." *Serras*, 875 F.2d at 1214. "Dismissal in this procedural posture is proper only if all the specific facts which the plaintiff [ ] alleges collectively fail to state a *prima facie* case for jurisdiction." *CompuServe*, 89 F.3d at 1262.

In this case, the Priddis Defendants have not submitted any affidavits, so the parties' submissions do not raise any issues of disputed facts regarding jurisdiction. The Court will therefore resolve the motion by reference to the Plaintiffs' submissions alone, without an evidentiary hearing.

### B. Venue

In addition to its jurisdictional challenge, the Priddis Defendants also argue that venue is not proper in the Middle District of Tennessee. The venue provision applicable to cases brought under the Copyright Act provides that "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). It is widely accepted that, for the purposes of this venue provision, a defendant is "found" wherever personal jurisdiction can be properly asserted against it. *Bridgeport Music, Inc. v. Agarita Music, Inc.*, 182 F. Supp.2d 653, 659 (M.D. Tenn. 2002). Thus, if the Priddis Defendants are subject to the personal jurisdiction of this Court, then venue will properly lie in this District. as well. *Id.*; *Walker v. Concoby*, 79 F. Supp. 2d 827, 835 (N.D. Ohio 1999). To the extent these Defendants are not subject to personal jurisdiction in this Court, then the issue of venue will be moot.

### III. ANALYSIS AND DISCUSSION

### A. Whether this Court Has Specific Personal Jurisdiction Over the Priddis Defendants

Because this action raises a federal question, the Court must analyze the personal jurisdiction issue pursuant to Rule 4(k) of the Federal Rules of Civil Procedure, which requires this Court to consider whether jurisdiction over each of the Priddis Defendants is consistent with the specific requirements of Tennessee's long-arm statute and constitutional principles of due process. *Bridgeport Music, Inc. v. Still N The Water Publ'g*, 327 F.3d 472, 477 (6th Cir. 2003) (quoting *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002)). Under Tennessee's long-arm statute, jurisdiction may be asserted on "[a]ny basis not

inconsistent with the constitution of this state or of the United States." Tenn. Code Ann. § 20-2-214(a)(6).[1] The state statute has been construed to extend to the limits of federal due process. *Boles v. Nat'l Dev. Co.*, 175 S.W.3d 226 (Tenn. Ct. App. 2005) (citing *Bridgeport Music, Inc. v. Agarita Music, Inc.,* 182 F. Supp. 2d at 658). Where the state long-arm statute extends to the limits of the due process clause, the two inquiries are merged and the Court need only determine whether exercising personal jurisdiction over the Defendants is consistent with federal due process requirements. *Still N The Water*, 327 F.3d at 477.[2]

Personal jurisdiction may be general or specific depending on the nature of the contacts in a particular case. *CompuServe*, 89 F.3d at 1263. General jurisdiction exists "when a defendant has 'continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims.' " *Aristech Chemical Int'l Ltd. v. Acrylic Fabricators Ltd.*, 138 F.3d 624, 627 (6th Cir. 1998) (quoting *Kerry Steel v. Paragon Indus. Inc.*, 106 F.3d 147, 149 (6th Cir. 1997)). Specific jurisdiction subjects the defendant "to suit in this forum state only on the claims that 'arise out of or relate to' a defendant's contacts with the forum.' " *Id.* Plaintiffs here assert that this Court has specific jurisdiction over the Priddis Defendants.

The Sixth Circuit has held that specific jurisdiction over a defendant exists only if the defendant's contact with Tennessee satisfies the three-part test established in *Southern Machine Company v. Mohasco Industries, Inc.*:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

401 F.2d 374, 381 (6th Cir.1968)).

***(1) Purposeful Availment***

[1] *See also* Tenn. Code Ann. § 20-2-223 (enumerating specific bases for assertion of personal jurisdiction).

[2] In a federal-question case, the Court's Due Process analysis is governed by the Fifth Amendment of the United States Constitution instead of the Fourteenth Amendment. *See* 4 Wright & Miller, *Federal Practice & Procedure* § 1068.1 (3d ed.). However, the standards to be applied under the Fifth Amendment are essentially the same as those applicable under the Fourteenth Amendment. *Agarita Music*, 182 F. Supp. 2d at 658 (citing *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1389 n.2 (8th Cir. 1991)).

To demonstrate the first *Mohasco* element, "purposeful availment," Plaintiffs must show that each one of the Priddis Defendants "purposefully availed [it- or himself] of the privilege of acting in Tennessee or causing a consequence in Tennessee." *Still N The Water*, 327 F.3d at 478. The Sixth Circuit has interpreted the term "purposeful availment" to mean " something akin to a deliberate undertaking to do or cause an act or thing to be done in [the forum state] or conduct which can be properly regarded as a prime generating cause of the effects resulting in [the forum state], something more than a passive availment of [the forum state's] opportunities." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 891 (6th Cir. 2002) (internal citation and quotation marks omitted). "The 'purposeful availment' requirement is satisfied when the defendant's contacts with the forum state 'proximately result from actions by the defendant himself that create a 'substantial connection' with the forum State,' and when the defendant's conduct and connection with the forum are such that he 'should reasonably anticipate being haled into court there.' " *CompuServe*, 89 F.3d at 1263 (quoting *Burger King Corp. v. Rudewicz*, 471 U.S. 462, 471–75 (1985)). The " 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.' " *Burger King*, 471 U.S. at 475, (internal citation omitted). The emphasis in the purposeful-availment inquiry is on whether the defendant has engaged in "some overt actions connecting the defendant with the forum state." *Dean*, 134 F.3d at 1274. If a plaintiff can demonstrate purposeful availment, the absence of physical contacts with the forum state will not defeat personal jurisdiction over a non-resident defendant. *Burger King*, 471 U.S. at 476; *CompuServe*, 89 F.3d at 1265.

Defendants argue that they have not "purposefully availed" themselves of the right to do business within this state, and that the mere act of placing allegedly infringing products in the "stream of commerce" does not meet the "stream of commerce 'plus'" test espoused by Justice O'Conner's plurality opinion in *Asahi Metal Indus. Co. v. Superior Court of Calif.*, 480 U.S. 102 (1987), and expressly adopted by the Sixth Circuit in *Bridgeport Music, Inc. v. Still N The Water Publishing*, 327 F.3d at 480. Plaintiffs, on the other hand, essentially argue that the Priddis Defendants have purposefully availed themselves of the privilege of acting in Tennessee, and have caused consequences here (namely, violation of Plaintiffs' copyrights as well as economic damages) through the maintenance of interactive websites through which

Tennessee consumers may view, listen to, and purchase karaoke products.  In addition, Priddis Music has a nationwide toll-free number through which it invites consumers to call, listen to samples of music, and purchase music over its telephone lines.

While the parties themselves have not distinguished among the three different Priddis Defendants in making their arguments in favor of or against the motion to dismiss, it is clear to the Court that such a distinction is warranted, because the contacts of each Defendant with Tennessee, as asserted by the Plaintiffs in their pleading and in Ms. Gibby's Declaration, are not the same.  *Cf. Still N The Water*, 327 F.3d at 480–85 (performing separate purposeful-availment analysis for two separate defendants).

First, with respect to Priddis Music, the Court finds that Plaintiffs have established "purposeful availment."  Most courts that have considered the issue, including the Sixth Circuit, have found that marketing and selling products through the internet to citizens of a specific state are sufficient to establish the "purposeful availment" prong of the *Mohasco* test.  For instance, the Sixth Circuit has stated that:

> The operation of an Internet website can constitute the purposeful availment of the privilege of acting in a forum state under the first *Mohasco* factor "if the website is interactive to a degree that reveals specifically intended interaction with residents of the state."

*Bird*, 289 F.3d at 874 (quoting *Neogen*, 282 F.3d at 890).  On that basis, the Sixth Circuit found that defendants who had maintained a website on which Ohio residents could register domain names and had allegedly accepted the business of nearly 5000 Ohio residents, had "satisfied the purposeful-availment requirement."  *Id.*  Similarly, in *Neogen Corp.*, 282 F.3d at 890, the Court held that the defendant in that case purposefully availed itself of the privilege of doing business in Michigan by granting its clients passwords to access its services on the website and by welcoming the business of Michigan customers on a regular basis.  *See also Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1126–27 (W.D. Pa. 1997) (holding that the defendant's decision to conduct business via the Internet with Pennsylvania residents constituted purposeful availment, noting that the fact that residents initiated the business relationships after visiting the defendant's website did not make the contacts fortuitous).

In *Still N The Water*, the Sixth Circuit found that plaintiffs had not shown purposeful availment as to one of the defendants.  That defendant had sold products that allegedly violated plaintiffs' copyrights to a distributor that had ambitions of selling nationwide, and the defendant knew or should have known that the distributor might sell products in Tennessee.  The defendant had no specific knowledge that products

would be sold in Tennessee, however, and no control over where the products would be distributed once it sold them to the distributor. The Sixth Circuit found that the defendant's "knowledge that [the distributor] was likely to distribute [the infringing compositions] nationally, coupled with its lack of objection to Tennessee sales, if such sales were ever to occur, is insufficient conduct on which to predicate purposeful availment." 327 F.3d at 480.

In finding that personal jurisdiction did not exist in that case, the Court recognized that "operation of an Internet website can constitute the purposeful availment of the privilege of acting in a forum state under the first *Mohasco* factor 'if the website is interactive to a degree that reveals specifically intended interaction with residents of the state,' " *id.* at 483 (quoting *Bird*, 289 F.3d at 874; *Neogen*, 282 F.3d at 890). Notwithstanding, the plaintiff in *Still N The Water* did not assert that the defendant itself hosted or operated a website, much less one that was "sufficiently interactive for a finding [of] purposeful availment." *Id.* Thus, on that basis as well, the Court found that the plaintiffs had failed to demonstrate the purposeful-availment criterion.

At least with respect to Priddis Music, the facts in *Still N The Water* are distinguishable from those in this case, because Priddis Music is alleged to have made infringing products available to Tennessee residents on its own interactive website, as well as through a nationwide toll-free number, and it did in fact sell infringing products to at least one Tennessee resident—Ms. Gibby. Priddis Music's website was not simply a "passive" site that provided only an advertisement or information. Rather, the website was interactive insofar as it allowed Ms. Gibby to view lists of available songs and order a custom-made CD including just those karaoke recordings she wished to purchase. She paid for the CD on-line with a credit card, and the CD was shipped to her in Tennessee by Priddis Music. The printed materials shipped to Tennessee with the CD, as well as the materials shipped with the ProSing CDs, clearly invited the consumer to purchase more products through priddis.com or by calling Priddis Music directly. Thus, although there is no evidence regarding how many Tennessee residents other than Ms. Gibby purchased allegedly infringing products from Priddis Music's website, it is clear that Priddis Music was actively soliciting additional purchases. Priddis Music availed itself of the privilege of acting in Tennessee, and it caused a consequence in Tennessee through the sale within Tennessee of music products that allegedly

violated Plaintiffs' copyrights.  Plaintiffs have therefore succeeded in establishing a *prima facie* showing of "purposeful availment" by Priddis Music.

With respect to Defendant ProSound, however, Plaintiffs have not presented sufficient facts in Ms. Gibby's Declaration, or in their Complaint, from which the Court can conclude that ProSound has "purposefully availed" itself of the privilege of acting or causing consequences in Tennessee.  Plaintiffs allege in their Complaint only that ProSound is a corporation based in the United Kingdom that is "owned or controlled" by Mr. Priddis and that ProSound may be served at the offices of co-Defendant, D.J. Miller Music Distributors, Inc.  The facts set forth in Ms. Gibby's Declaration demonstrate only that Ms. Gibby was able to purchase unlicensed karaoke recordings bearing the "ProSound Karaoke" brand from the "ProSing" interactive internet website.  These facts standing alone do not establish or even give rise to a reasonable inference that ProSound knew about or authorized the sale of the allegedly infringing compositions in Tennessee or the United States generally.  In fact, the allegations regarding ProSound are quite similar to those at issue in *Still N The Water*, such that the holding there is controlling here.  Like the plaintiffs in that case, Plaintiffs here have presented no proof that ProSound, a manufacturer, had specific knowledge that products it presumably sold to a distributor, ProSing, would be re-sold in Tennessee or that ProSound had control over where the products would be distributed once it sold them to ProSing.  Likewise, there is no indication that ProSound hosted, operated or controlled the websites through which its karaoke CDs were sold and marketed in Tennessee.  The Court therefore finds that, with respect to ProSound, Plaintiffs have failed to establish the requisite "purposeful availment," and therefore have not met their burden of showing a *prima facie* basis for asserting jurisdiction over that defendant.

As for Mr. Priddis individually, the single jurisdictional fact in the record concerning his involvement is set forth in Plaintiff's complaint:  Mr. Priddis is president of Priddis Music.  (Compl., Doc. No. 1, at ¶ 14.)  Generally speaking, jurisdiction over individual officers and employees of a corporation may not be predicated merely upon jurisdiction over the corporation absent activities by the individuals sufficient to subject them to a state's long-arm statute.  *Warren v. Dynamics Health Equip. Mfg. Co.*, 483 F. Supp. 788 (M.D. Tenn. 1980) (citing 4 Wright & Miller, *Federal Practice and Procedure* § 1068 Supp. 39 (1979)).  In order to pierce the corporate veil to find Mr. Priddis individually liable for the acts of Priddis

Music, Plaintiffs would at a minimum, at this stage in the proceedings, have to allege facts showing that the corporate structure of Priddis Music is being used as a vehicle for the conduct of business by Mr. Priddis, and that Mr. Priddis has total control over the corporate activities, including the activities giving rise to this suit. *Id.* at 793; *see also Med. Distrib Inc. v. Quest Healthcare, Inc.*, No. Civ. A. 3:00CV-154-H, 2002 WL 32398447 (W.D. Ky. Feb. 1, 2002) (citing *Warren v. Dynamics Health Equipment*, noting that the Sixth Circuit had not specifically approved the "alter ego" approach to determinations of specific jurisdiction over an individual corporate officer, but that "such an approach makes common sense" and therefore holding that it was appropriate to "exercise personal jurisdiction over an individual premised upon his corporate contacts with the forum state where the complaint alleges facts sufficient to prove that the corporation was a mere sham or where it served as an alter ego for the individual's benefit"). In the case at bar, Plaintiffs have simply not alleged any facts that would support jurisdiction over Mr. Priddis individually on the basis of an alter ego theory or any other theory. Consequently, the motion to dismiss the claims against Mr. Priddis individually for lack of personal jurisdiction must be granted.

### *(2)* *"Arising From"*

The second *Mohasco* requirement calls for "an analysis of whether [the plaintiff's] claims 'arise from' the [defendants'] contacts with [the forum state]." *Bird v. Parsons*, 289 F.3d at 875. " 'If a defendant's contacts with the forum state are related to the operative facts of the controversy, then an action will be deemed to have arisen from those contracts.' " *Id.* (quoting *CompuServe*, 89 F.3d at 1267). This factor "does not require that the cause of action formally 'arise from' defendant's contacts with the forum; rather, this criterion requires only 'that the cause of action, of whatever type, have a substantial connection with the defendant's in-state activities.' " *Third Nat'l Bank in Nashville v. WEDGE Group, Inc.*, 882 F.2d 1087, 1091 (6th Cir. 1989) (quoting *Mohasco*, 401 F.2d at 384 n.27)).

The operative facts in the present case include the Plaintiffs' allegations that Priddis Music committed violations of copyright law by selling, advertising and soliciting sales of music recordings that infringe Plaintiffs' copyrights to consumers throughout the United States, including in Tennessee, through the use of an interactive Internet website, www.priddis.com, and that such sales resulted in economic injury in Tennessee, where many of the Plaintiffs have their principal place of business. Both Priddis Music's contacts with Tennessee and Plaintiffs' claims of copyright violation stem from Priddis Music's

operation of the priddis.com website, such that "the operative facts are at least marginally related to the alleged contacts between [Priddis Music] and [Tennessee]." *Bird*, 289 F.3d at 875. In light of the lenient standard that applies when evaluating the "arising from" criterion, the Court finds that Plaintiffs' claims "arise from" Priddis Music's contacts with Tennessee. *Cf. Neogen*, 282 F.3d at 892 ("Construing the facts in the light most favorable to Neogen, . . . it is possible that NGS's activities in Michigan have caused economic injury to Neogen. Such a causal connection satisfies the 'arising from' requirement of Mohasco."); *Zippo Mfg. Co.*, 952 F. Supp. at 1127 (holding that a significant amount of the alleged infringement and dilution, as well as the resulting injury, occurred in Pennsylvania, thus satisfying the "arising from" element).

### *(3) Reasonableness*

The final requirement under *Mohasco* is that the exercise of jurisdiction be reasonable in light of the connection that allegedly exists between Priddis Music and Tennessee. An inference arises that the third factor is satisfied if the first two requirements are met. *CompuServe*, 89 F.3d at 1268 (noting that "if we find, as we do, that the first two elements of a *prima facie* case—purposeful availment and a cause of action arising from the defendant's contacts with the forum state—then an inference arises that this third factor is also present"). Several factors are relevant to the reasonableness inquiry "including the burden on the defendant, the interest of the forum state, the plaintiff's interest in obtaining relief, and the interest of other states in securing the most efficient resolution of controversies." *Id.* (internal quotation marks and citation omitted).

Although Priddis Music, like the other defendants, might face a burden in having to defend a lawsuit in Tennessee, Tennessee has a legitimate interest in protecting the business interests of its citizens, even though a federal question is presented, because at least three of the Plaintiffs are Tennessee entities with their principal place of business in Tennessee. The Plaintiffs certainly have an interest in obtaining relief as efficiently and expeditiously as possible, which weighs in favor of the reasonableness of exercising jurisdiction. Finally, although California also has an interest in this dispute, as the remaining Plaintiffs' principal places of business are in California, only one of the defendants is located in California and there has been no showing that the other defendants, including ProSound and Mr. Priddis, would be subject to personal jurisdiction in California. Moreover, the fact that one defendant

resides in California does not override the other factors showing that it is reasonable to exercise jurisdiction over Priddis Music here.

## IV.    CONCLUSION

For all the preceding reasons, the Court concludes that Plaintiffs have established a *prima facie* case for the exercise of personal jurisdiction over Priddis Music.  Priddis Music's motion to dismiss for lack of personal jurisdiction will therefore be denied.  Further, as also indicated above, because a defendant is "found" for purposes of 28 U.S.C. § 1400(a) wherever personal jurisdiction can be properly asserted against, Priddis Music's motion to dismiss on the grounds of inappropriate venue is likewise denied.

With respect to Defendants Richard L. Priddis and ProSound Karaoke, Ltd., however, Plaintiffs have failed to point to any facts which, if true, would demonstrate that either of these defendants has purposefully availed him- or itself of the privilege of acting or causing consequences in Tennessee.  The facts as alleged by Plaintiffs, viewed in the light most favorable to Plaintiffs, do not establish a *prima facie* case for jurisdiction over those defendants.  The motion to dismiss for lack of personal jurisdiction as to Mr. Priddis and ProSound will therefore be granted.  The motion to dismiss or transfer for improper venue will be denied as to those two defendants as moot.

An appropriate order will enter.

Thomas A. Wiseman, Jr.
Senior U.S. District Judge