| | |
|---|---|
| WORD MUSIC, LLC, a Tennessee Limited Liability Company, DAYSPRING MUSIC, LLC, A Tennessee Limited Liability Company, WORDSPRING MUSIC, LLC, a Tennessee Limited Liability Company, UNICHAPPELL MUSIC, INC., a Delaware Corporation, CHAPPELL & CO., INC., a Delaware Corporation, COTILLION MUSIC, INC., a Delaware Corporation, RIGHTSONG MUSIC, INC., a Delaware Corporation, WALDEN MUSIC, INC., a New York Corporation, WARNER/TAMERLANE PUBLISHING CORP., a California Corporation, and WB MUSIC CORP., a California Corporation, <br><br>    Plaintiffs, <br><br>v. <br><br>PRIDDIS MUSIC, INC., a Nevada Corporation, RICHARD L. PRIDDIS, individually, PROSOUND KARAOKE LTD., a United Kingdom Corporation, MEDIOSTREAM, INC., a California Corporation d/b/a "K SUPERSTAR," D.J. MILLER MUSIC DISTRIBUTORS, INC., a Colorado Corporation d/b/a "PROSING," and DALE MILLER, individually, <br><br>    Defendants. | Case No. 3:07cv0502 <br> Judge Thomas A. Wiseman, Jr. |

## ORDER

    Plaintiffs filed this action seeking an injunction and damages for copyright infringement. Three of the Defendants, Priddis Music, Inc. ("Priddis Music"), Richard L. Priddis ("Mr. Priddis") and ProSound Karaoke, Ltd. ("ProSound") (collectively, the "Priddis Defendants") have filed a Motion to Dismiss on the grounds of improper venue or, alternatively, for lack of personal jurisdiction. (Doc. No. 13.) Defendant Mediostream, Inc. subsequently filed its own motion to dismiss on the basis of improper venue (Doc. No. 60), in which argues that application of the "first-to-file" rule requires dismissal or transfer of this action, an argument that was also asserted in the Priddis Defendants' motion.

    For the reasons explained in the accompanying Memorandum Opinion, the Court finds that the first-to-file rule has no application to this case, given that Mediostream's declaratory judgment action filed

in the Northern District of California was recently transferred to this Court, largely on the basis of the California court's finding that the first-to-file rule was not applicable under the particular circumstances presented. Mediostream's motion to dismiss (Doc. No. 60) is therefore **DENIED**.

The Priddis Defendants' motion (Doc. No. 13) is **GRANTED IN PART AND DENIED IN PART**. Specifically, the Court finds that Plaintiffs have presented facts showing that personal jurisdiction and venue in this forum are appropriate as to Defendant Priddis Music, Inc. Accordingly, Priddis Music's Motion to Dismiss for lack of personal jurisdiction or for improper venue is hereby **DENIED**.

With respect to Defendants Richard L. Priddis and ProSound Karaoke, Ltd., Plaintiffs have failed to point to any facts which, if true, would demonstrate that either of these defendants has purposefully availed him- or itself of the privilege of acting or causing consequences in Tennessee. The facts as alleged by Plaintiffs, viewed in the light most favorable to Plaintiffs, do not establish a *prima facie* case for jurisdiction over those defendants. The motion to dismiss for lack of personal jurisdiction as to Mr. Priddis and ProSound is therefore **GRANTED**, and the claims against those two defendants are **DISMISSED WITHOUT PREJUDICE**. The motion to dismiss or transfer for improper venue is **DENIED AS MOOT** as to those two defendants.

It is so **ORDERED**.

_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge